IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KATIE MCGLENN on behalf of her minor daughter,
LAUREN ENGLE, MARGARET MCGLENN,
KYLIE KAVANAUGH, LILLIAN XISTRIS,
ADELINE XISTRIS, SYDNEY MARZ,
ANNIE PARENTEAU, JEFF HAUPT on behalf of his
minor daughter, and ALAYNA TUCKER,

        Plaintiffs,

v.

MADISON METROPOLITAN SCHOOL DISTRICT,
and DAVID KRUCHTEN, in his individual capacity,

        Defendants.

ORDER

21-cv-683-jdp

---

    Plaintiffs are a group of female students and their parents who are suing the Madison school district and one of its teachers, David Krutchen, for secretly recording them while they were naked in their hotel rooms during school field trips. The school district moved for judgment on the pleadings, Dkt. 26, but now plaintiffs move for leave to file an amended complaint to both buttress their original claims and to add three defendants based on new information they learned in discovery, Dkt. 44.

    The court will grant plaintiffs' motion for leave to amend. Federal Rule of Civil Procedure 15(a)(1) requires district courts to grant leave to amend the complaint unless there there is a good reason not to, such as futility, undue delay, prejudice, or bad faith. *White v. Woods*, 48 F.4th 853, 860 (7th Cir. 2022). In this case, the court is persuaded that none of these reasons apply.

    Plaintiffs' proposed amended complaint comes more than a year after filing the lawsuit, but less than five months after discovery began. Plaintiffs promptly served discovery requests

on defendants, and it doesn't appear that plaintiffs have engaged in undue delay for seeking leave to amend. Even if the plaintiffs could have filed their proposed amendment earlier, the court would have granted plaintiffs leave to amend in accordance with circuit precedent if the court granted the district's motion for judgment on the pleadings. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago and Northwest Indiana*, 786 F.3d 510, 519 (7th Cir. 2015). So the court will not deny the motion on timeliness grounds.

The court is also persuaded that the amendment isn't futile, which means only that it satisfies federal pleading standards. *Bernacchi v. First Chicago Insurance Company*, 52 F.4th 324, 328 (7th Cir. 2022). The proposed amended complaint adequately alleges that Kruchten conducted unreasonable searches of plaintiffs in violation of the Fourth Amendment, invaded their privacy in violation of the Due Process Clause and state law, and discriminated against them because of their sex in violation of the Equal Protection Clause. Plaintiffs also adequately allege that the district may be held liable because Kruchten's conduct was the direct consequence of its own policies, practices, and customs. Finally, plaintiffs adequately allege that new defendants Heidi Tepp (the district's director of labor relations), Joe Balles (the district's director of safety and security), and Joe Fanning (a teacher who accompanied Kruchten on school field trips) were either complicit in Kruchten's conduct or were deliberately indifferent to it.

Plaintiffs have an uphill battle in proving their claims against the district and the new defendants, but it would be premature to dismiss those claims now. If defendants believe that plaintiffs cannot prove any of their claims, defendants will have to file a motion for summary judgment.

The one caveat relates to claims based on conduct of the defendants that occurred after Kruchten stopped recording plaintiffs. More than 20 pages of plaintiffs' 54-page proposed amended complaint is devoted to such conduct, including allegations that defendants failed to properly report Kruchten's conduct to the proper authorities, conducted a faulty investigation, and attempted to cover up their own wrongdoing. If true, those allegations point to profound moral failures by defendants. But it is well established that conduct occurring *after* a constitutional violation cannot provide the basis for liability of an individual or government entity. *See Connick v. Thompson*, 563 U.S. 51, 63 (2011); *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). So plaintiffs may not proceed on claims based on defendants' alleged failures after Kruchten stopped recording students. It isn't necessary to decide now whether those allegations may be relevant to showing the extent of plaintiffs' damages.

Granting plaintiffs' motion for leave to amend moots the district's motion for judgment on the pleadings, so the court will deny that motion. The court will also deny as moot plaintiffs' motion to strike portions of the district's reply brief in support of its motion for judgment on the pleadings.

ORDER

IT IS ORDERED that:

1. Plaintiffs' motion for leave to amend their complaint, Dkt. 44, is GRANTED. Plaintiffs are directed to promptly file their amended complaint as a separate docket entry.

2. The district's motion for judgment on the pleadings, Dkt. 19, and plaintiffs' motion to strike portions of the district's reply brief, Dkt. 26, are DENIED as moot.

3. Once the three new defendants file a notice of appearance, the clerk of court is directed to schedule a status conference with the magistrate judge. If any party informs the magistrate judge that the amendments make the current deadline for

dispositive motions is unworkable, the magistrate judge is directed to set a new schedule, including a new trial date.

Entered November 22, 2022.

                                        BY THE COURT:

                                        /s/

                                        _____
                                        JAMES D. PETERSON
                                        District Judge