IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KATIE MCGLENN on behalf of her minor daughter,
LAUREN ENGLE, MARGARET MCGLENN,
KYLIE KAVANAUGH, LILLIAN XISTRIS,
ADELINE XISTRIS, SYDNEY MARZ,
ANNIE PARENTEAU, JEFF HAUPT on behalf of his
minor daughter, and ALAYNA TUCKER,

                Plaintiffs,

  v.

MADISON METROPOLITAN SCHOOL DISTRICT,
DAVID KRUCHTEN, HEIDI TEPP, JOE FANNING,
and JOE BALLAS d/b/a/ JP Public Safety Consulting,
LLC,

                Defendants.

OPINION and ORDER

21-cv-683-jdp

---

This case arises out of the secret videorecording of high school students during school-related trips. Some of the students and their parents are suing the perpetrator (a school chaperone), the school district, and officials who plaintiffs say could have stopped the misconduct.

Community Insurance Corporation issued public entity liability policies to the school district that were in effect between July 1, 2015, and July 1, 2018, which is during part of the time that the videorecording was occurring. Community moves to intervene as of right under Federal Rule of Civil Procedure 24(a)(2) to obtain a declaration regarding the scope of its coverage for the claims in this case. Dkt. 66. Specifically, Community contends that its policies do not cover any of the claims against David Kruchten, claims against Joe Ballas for any conduct that occurred when he was not an employee of the school district, and the claims against any of the defendants for conduct that occurred after June 30, 2018. Dkt, 69. Only

plaintiffs oppose Community's motion to intervene. For the reasons explained below, the court will grant the motion.

ANALYSIS

A party seeking to intervene as a matter of right must show four things: (1) a timely application; (2) an interest relating to the subject matter of the action; (3) potential impairment, as a practical matter, of that interest by the disposition of the action; and (4) lack of adequate representation of the interest by the existing parties to the action. *Planned Parenthood of Wisconsin, Inc. v. Kaul*, 942 F.3d 793, 797 (7th Cir. 2019). This court has routinely granted motions to intervene under this standard to insurance companies seeking coverage determinations. *See, e.g.*, *Wausau Homes, Inc. v. Menning*, No. 17-cv-129-bbc, 2017 WL 2170256 (W.D. Wis. May 17, 2017*); Richardson v. Helgerson*, No. 15-cv-141-wmc, 2015 WL 3397623, (W.D. Wis. 2015); *Haley v. Kolbe & Kolbe Millwork Co., Inc.*, No. 14-cv-99-bbc, 2014 WL 6982330 (W.D. Wis. Dec. 10, 2014); *Luce v. Town of Campbell*, 14-cv-46-wmc, 2014 WL 6632341 (W.D. Wis. Nov. 21, 2014). Intervention requests in this context are often unopposed.

The reasoning of all these cases is that coverage determinations are related to the underlying action, the insurer's interest will be impaired if the insurer is required to defend a party without coverage, and existing parties do not represent an insurance's interest in obtaining a coverage determination. Plaintiffs do not acknowledge any of the many cases from this court adopting this reasoning.

Plaintiffs make two points that warrant discussion. First, they say Community's motion is untimely because it was filed more than a year after the lawsuit was filed. That's a fair point:

Community offers no excuse for failing to file its motion sooner. But timeliness is not considered in isolation. As in the context of motions for leave to amend the complaint, the court must also consider whether the moving party's delay will cause unfair prejudice to other parties. *See Lopez-Aguilar v. Marion Cnty. Sheriff's Department*, 924 F.3d 375, 388–89 (7th Cir. 2019). In fact, the court of appeals has called prejudice the "most important consideration" for determining whether a motion to intervene is untimely. In all the cases cited by plaintiffs, intervention would have been prejudicial to the existing parties, or the movant failed to satisfy other elements of Rule 24.[1]

Ironically, if Community had filed its motion a little *earlier*, the case for prejudice would have been stronger. This is because the original summary judgment deadline was February 10, 2023, and Community didn't file its motion until February 20. But the court granted plaintiffs leave to file an amended complaint in November 2022, which added new claims and new parties to the case. The changes were so substantial that Magistrate Judge Stephen Crocker recently extended the summary judgment deadline by a more than a year to March 2024. Dkt 75. Plaintiffs identify no reason why the new schedule cannot accommodate a motion seeking a declaration on the duty to defend. Community is not seeking to stay the case or to bifurcate coverage and liability issues, and it represents that it will abide by whatever schedule the court sets. The court will hold Community to that. Community should not expect to receive any extensions of time to raise any issues related to coverage.

---

[1] *See State v. City of Chicago*, 912 F.3d 979, 986–87 (7th Cir. 2019) (motion filed after settlement entered); *Reid L. v. Illinois State Bd. of Educ.*, 289 F.3d 1009, 1018–19 (7th Cir. 2002) (motion filed when the case was "close to completion, after a decade of litigation in the federal courts"); *Southmark Corp. v. Cagan*, 950 F.2d 416, 418–19 (7th Cir. 1991) (movant was adequately represented by existing parties); *Burdick v. Koerner*, 173 F.R.D. 242, 243 (E.D. Wis. 1997) (intervention would "derail" the lawsuit).

Second, plaintiffs say that Community hasn't shown any potential impairment of its interest because Community concedes that it has a duty to defend some defendants on some claims. Community cites the rule that an insurer's duty to defend the entire action against the insured is triggered if even one claim is covered by the policy. *See Water Well Sols. Serv. Grp., Inc. v. Consolidated Ins. Co.*, 2016 WI 54, ¶ 14, 369 Wis.2d 607, 881 N.W.2d 285. So, plaintiffs say, Community will have to defend the entire lawsuit, even if some claims are not covered, and that defeats any argument that Community needs to intervene to get a declaration regarding its duty to defend. Coverage determinations are also relevant for the purpose of determining Community's duty to indemnify, but that determination isn't made until *after* liability against the defendants is determined, *see Hy Cite Corp. v. Regal Ware, Inc.,* No. 10-cv-168-wmc, 2011 WL 13359304, at *1 (W.D. Wis. June 8, 2011), so Community is not prejudiced if it has to seek that determination in state court rather than in this court.

This argument fails because Community contends that its policies don't cover *any* of the claims against Kruchten. Plaintiffs cite no authority for the view that an insurer must defend claims against one insured simply because there is potential coverage for the claims against a different defendant.

Community's argument regarding impairment of its interests may not be compelling, but Community has shown impairment of interests related to one defendant. Perhaps there is an argument that Community's intervention should be limited to seeking a declaration of rights against Kruchten. But once Community is allowed to intervene, it makes little sense to parse its coverage claims so that the court will make some determinations in this case and leave others for state court. That would not be an efficient use of judicial resources. So the court will grant

the motion to intervene and allow Community to assert all of the claims for declaratory relief in its proposed complaint.

ORDER

IT IS ORDERED that Community Insurance Corporation's motion to intervene, Dkt. 66, is GRANTED, and the proposed intervenor complaint, Dkt. 69, is accepted as the operative pleading.

Entered April 4, 2023.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge