**United States District Court**
**Western District of Wisconsin**

Tess McGlenn, *et al.*,

    Plaintiffs,

                             Case No. 21cv683

    v.

Madison Metropolitan School District, *et al.*,

    Defendants.

Plaintiffs' Motion to Exclude
MMSD's 622-page "Supplement" to its Rule 26 Initial Disclosures
Imparted on the Eve of Summary Judgment
With Documents that Apparently have been Available since before Litigation Began
(no separate brief to be filed)

    Plaintiffs hereby move to strike the 622 pages of documentation that MMSD withheld from its initial disclosures until three weeks before the summary judgment deadline, and after Plaintiffs completed eleven depositions of MMSD (current and former) personnel.

    Rule 26(a)(1) requires parties to provide initial disclosures "based on the information then reasonably available." *CenturyLink Commc'ns, LLC v. Peerless Network, Inc.*, No. 18cv03114, 2022 WL 865834, at *2 (N.D. Ill. Mar. 23, 2022), *citing* FRCP 26(a)(1)(A), (E). Initial disclosures may be reasonably and timely supplemented if a party learns its disclosures are incomplete. *Id.* However, Rule 26 does not permit initial

1

disclosures to be supplemented with information that was reasonably available at the time of initial disclosures.

FRCP 26(a)(1)(e) provides:

> *Basis for Initial Disclosure; Unacceptable Excuses.* A party must make its initial disclosures based on the information then reasonably available to it. **A party is not excused from making its disclosures because it has not fully investigated the case** or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.

(emphasis added.)

Parties are not permitted to use supplementations to "spring late surprises on their opponents." *Chicago Joe's Tea Room, LLC v. Vill. of Broadview*, No. 22-3194, 2024 WL 771527, *10 (7th Cir. Feb. 26, 2024) (citation omitted). "Tolerating such tactics would serve only to add to the length, complexity, and expense of litigation." *Id*. A party is automatically not allowed to use late-disclosed information to supply evidence on a motion or at trial, unless the failure to disclose was "substantially justified or is harmless." FRCP 37(c)(1); *Chicago Joe's Tea Room, LLC v. Vill. of Broadview*, No. 22-3194, 2024 WL 771527, *10 (7th Cir. Feb. 26, 2024), *citing David v. Caterpillar Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

On May 5, 2022, MMSD filed its Rule 26 Initial Disclosures. (*see* ECF 108-3.) In the fall of 2022, MMSD produced, in response to Plaintiffs' formal requests for production, the materials it had listed in its Rule 26 Initial Disclosure. (*see* ECF 33-6, pp. 3-4.)

Plaintiffs completed their depositions of the all of the defendants (other than Kruchten[1]) as of January 25, 2024. (Farrell Dec, ¶2-4.) Most recently, Plaintiffs completed the depositions of MMSD Superintendent Jenkins and School Board former president Ali Muldrow on January 30 and February 8, 2024, respectively. (Farrell Dec., ¶2-4.)

Because MMSD had difficulty producing some deponents in a timely manner, Plaintiffs' liability expert report deadline was extended, by stipulation, to March 15, 2024, which is also the summary judgment deadline. (Farrell Dec., ¶5.)

On February 22, 2024, Plaintiffs' counsel received from MMSD an email containing an electronic link to approximately 622 pages of documents. (Farrell Dec., ¶6.) There was no cover letter that explained what the documents were or why they were being sent at that time. (Farrell Dec., ¶6.) On February 23, 2024, after Plaintiffs had inquired about this document drop, MMSD advised that these documents represent "MMSD training materials that will be included as a category on its supplemental Rule 26 initial disclosures that we anticipate serving within the next few days." (Farrell Dec., ¶7.) This would have been critical information for Plaintiffs to have received in a timely fashion, so that Defendants could be questioned about them during their depositions, as the Plaintiffs had asserted a lack of training as part of their Monell claim. (Farrell Dec., ¶9.) The documents do appear to be training materials that appear to be dated between 2015 and 2017. (Farrell Dec., ¶8.) MMSD provided absolutely no good cause to justify

---

[1] *See* ECF 134.

having waited until Plaintiffs had completed depositions of all MMSD Defendants, and eleven MMSD former or current employees in total, prior to providing the documents. (Farrell Dec., ¶10-11.)  To date, MMSD has not yet produced the foreshadowed "supplemental Rule 26 Initial Disclosures," nor has it withdrawn the late, voluminous document drop. (Farrell Dec., ¶12.)

Plaintiffs move to exclude the documents at this time, as there is no time left to allow Plaintiffs' expert to review these 622 newly disclosed pages and then incorporate them into her opinion and into her Rule 26 Report.  (Farrell Dec., ¶13.) Moreover, the Defendants and numerous other MMSD personnel have all already been deposed without the benefit of these documents, and there is no time to re-depose them prior to the March 15, 2024, summary judgment deadline, and even if there were, the expense would be unduly burdensome.

## Conclusion

In conclusion, Plaintiffs respectfully request the Court exclude the 622 pages of late "supplementation" to MMSD's initial disclosures with documents that have been apparently available to MMSD since before this litigation began, as failure to produce those documents in a timely manner was neither substantially justified nor harmless. Allowing MMSD to rely on these documents at this time would prejudice Plaintiffs in the production of their liability expert report and in their ability to respond to Defendants' motion for summary judgment, and Defendants have not even attempted to establish good cause for the late production.

Dated this Tuesday March 6, 2024.

    Respectfully submitted,

    Tess McGlenn, et al.,

    Plaintiffs,
    By
    THE JEFF SCOTT OLSON LAW FIRM, S.C.
    JEFF SCOTT OLSON
    State Bar No. 1016284
    ANDREA J. FARRELL
    State Bar No. 1064773
    1025 Quinn Dr., Suite 500
    Waunakee, WI 53597
    Phone:    (608) 283-6001
    Facsimile:    (608) 283-0945
    E-mail:    jsolson@scofflaw.com
            ajf@scofflaw.com

    /s/ Andrea J. Farrell
    _____

    ANDREA J. FARRELL