IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TESS MCGLENN, MARGARET MCGLENN,
LAUREN ENGLE, KYLIE KAVANAUGH,
LILLIAN XISTRIS, ADELINE XISTRIS,
SYDNEY MARZ, ANNIE PARENTEAU,
GABRIELLE HAUPT, and ALAYNA TUCKER,

                            Plaintiffs,

    v.

DAVID KRUCHTEN,

                            Defendant,

    and

AUTO-OWNERS INSURANCE COMPANY
and COMMUNITY INSURANCE CORPORATION,

                            Intervenor-Defendants.

OPINION and ORDER

21-cv-683-jdp

---

Plaintiffs are former students at Madison East High School who were secretly recorded by David Kruchten while on school field trips. The court has dismissed plaintiffs' claims against the Madison Metropolitan School District and three individual employees: Joe Fanning, Heidi Tepp, and Joe Balles. Plaintiffs' claims against Kruchten under the Fourth Amendment and Wisconsin's invasion-of-privacy statute are proceeding to trial.

Two motions on insurance issues are before the court: (1) Community Insurance Corporation's motion for summary judgment on its claims for declaratory relief that it has no duty to defend or indemnify Kruchten or Balles and no duty to defend any defendant for conduct occurring after June 30, 2018, Dkt. 244; and (2) Auto-Owners Insurance Company's motion for summary judgment on its claim for declaratory relief that it has no duty to defend

or indemnify Fanning, Dkt. 150. For the reasons explained below, the court will grant these motions in part and deny them in part.

ANALYSIS

Both summary judgment motions before the court raise the issue whether an insurance policy provides coverage for the claims in this case. All parties assume that Wisconsin law applies, so the court will do the same. The insured has the burden to show that a category of claimed damages falls within one of the policy's coverage provisions. *See Kozlik v. Gulf Insurance Co.*, 2003 WI App 251, ¶ 8, 268 Wis. 2d 491, 673 N.W.2d 343. If the insured meets that burden, then the insurer must show that an exclusion defeats coverage. *See Ermenc v. American Family Mut. Ins. Co.*, 221 Wis. 2d 478, 481, 585 N.W.2d 679 (Ct. App. 1998). On a motion for summary judgment, the question is whether the undisputed facts show that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## A.  Community Insurance's motion for summary judgment

Community Insurance issued a public entity liability insurance to the school district each year from 2015 to 2017. The policy expired and was not renewed on July 1, 2018. Community Insurance raises different arguments regarding coverage for the claims against Kruchten, Balles, and the other defendants, so the court will consider them separately.

### 1.  Kruchten

Community Insurance contends that it has no duty to defend or indemnify Kruchten for four reasons: (1) he is not an "insured" because he was not acting within the scope of his employment or authority; (2) his conduct falls within an exclusion for a "willful violation of a

2

penal code"; (3) his conduct falls within an exclusion for injuries that are "expected or intended"; and (4) district policy prohibited his conduct, so it falls within an exclusion for breaches of duty. The court agrees with the first contention, so it is not necessary to consider the other three.

The policy's definition of "insured" includes "past or present employees or elected or appointed officials while acting within the scope of their employment or authority." Dkt. 68-3, at 119. The court already determined in its merits summary judgment opinion that Kruchten did not act within his scope of employment under Wis. Stat. § 895.46. Dkt. 324, at 18–24. Neither side contends that "scope of employment" in the policy means something different in the policy from what it means in § 895.46. In fact, both sides rely heavily on case law applying § 895.46. So the court concludes that Kruchten was not acting within his scope of employment within the meaning of the policy.

Plaintiffs say that the analysis does not end there because the policy applies to employees acting within their scope of employment "or authority." Plaintiffs say that this is a reference to "apparent authority," and it means that the policy applies to any conduct by Kruchten while he was on the job. In response, Community Insurance says that the reference to "authority" is not meant to expand coverage but instead is paired with "elected or appointed officials," who may not be employees, so it would not make sense to refer to their scope of "employment."

Community Insurance's reading is the better one. Plaintiffs do not cite any case law construing the phrase "or authority" as expanding coverage, and Community Insurance cites several cases in which courts have construed "scope of employment or authority" as synonymous with "scope of employment." *See Luce v. Town of Campbell*, 113 F. Supp. 3d 1002,

1010 (W.D. Wis. 2015); *Doe v. St. Francis Sch. Dist.*, 834 F. Supp. 2d 889, 896 (E.D. Wis. 2011); *Jackson v. Wisconsin Cnty. Mut. Ins. Corp.*, 2013 WI App 65, ¶ 2, 348 Wis. 2d 203, 832 N.W.2d 163; *J.K.J. v. Polk Cnty. Sheriff's Dep't*, No. 15-cv-428-wmc, 2016 WL 6956662, at *3 (W.D. Wis. Nov. 28, 2016). Regardless, Kruchten was not acting within his authority under any reasonable understanding of that term. As the court explained in the merits summary judgment opinion, Kruchten's conduct was inconsistent with district policy, and he knew that he was violating the law. Dkt. 324, at 23–24, 44. Kruchten was not authorized by anyone to secretly record students in their hotel rooms.

Plaintiffs' reliance on the doctrine of apparent authority is misplaced for two reasons. First, the policy itself does not use that term, and plaintiffs identify no principle of policy interpretation that would support reading the word "apparent" into the policy.

Second, as the cases plaintiffs cite demonstrate, the doctrine of apparent authority applies when the defendant commits a tort or a crime against a third party by holding himself out to the third party as someone acting on behalf of his employer or other principal, often in the context of committing fraud. *See American Soc. of Mechanical Engineers, Inc. v. Hydrolevel Corp.*, 456 U.S. 556, 566–67 (1982) (agent attempted to influence markets while representing itself as acting on the defendant's behalf); *Ripon Knitting Works v. Railway Express Agency*, 207 Wis. 452, 841–42 (1932) (agent defrauded plaintiff by representing himself as defendant's agent). That is not what happened in this case. At the time he was placing hidden cameras and viewing the recorded images, Kruchten was not holding himself out to anyone as an employee of the district. That was the point. Kruchten committed the misconduct surreptitiously, and he admits that he told no one what he was doing.

Apparent authority would apply if Kruchten had convinced the students to agree to the recording by telling them it was part of a school project. But it does not apply simply because Kruchten's job gave him the opportunity to commit the misconduct. That would negate one of the elements for apparent authority in Wisconsin, which is reliance by the plaintiff. *See Pamperin v. Trinity Memorial Hosp.*, 144 Wis. 2d 188, 203, 423 N.W.2d 848, 853–54 (1988). So the court concludes that Kruchten was not an "insured" under the policy, which means that the policy does not provide coverage for the claims against Kruchten, and Community Insurance does not have a duty to defend or indemnify Kruchten.

### 2. Balles

As an initial matter, the court notes that its dismissal of plaintiffs' claims against Balles moots Community Insurance's claim regarding the duty to indemnify, but it does not moot the claim regarding the duty to defend. Dismissal does not resolve the dispute regarding who is responsible for paying Balles's legal bills while he remained a defendant, and it does not resolve the question of who is responsible for defending Balles if there is an appeal.

No party opposes Community Insurance's motion as it applies to Balles. He is not an insured because he was an independent contractor for the district, Dkt. 280, ¶ 71; Dkt. 215-1, and the policy's definition of "insured" does not include independent contractors, Dkt. 68-3, at 119. The court will grant Community Insurance's motion for summary judgment against Balles on the issue whether Community Insurance has a duty to defend Balles.

### 3. Other defendants

Community Insurance contends that it has no duty to defend or indemnify any of the other defendants for conduct that occurred after June 30, 2018. The court will deny this aspect of Community Insurance's motion. The duty to defend applies to all claims so long as there is

5

coverage for even one claim. *Water Well Solutions Service Group, Inc. v. Consolidated Ins. Co.*, 881 N.W.2d 285, 292, 369 Wis. 2d 607, 621, 2016 WI 54, ¶ 16. So Community Insurance must defend the other defendants on all claims even if some of the alleged conduct falls outside the coverage period. This reasoning does not apply to the duty to indemnify, but that issue is moot because the court has granted summary judgment to all defendants except Kruchten.

**B.  Auto-Owners' motion for summary judgment**

Auto-Owners seeks a declaration that it does not have a duty to defend or indemnify Fanning. Again, the issue of indemnification is moot now that the court has dismissed plaintiffs' claims against Fanning. But the court will consider the duty to defend.

Auto-Owners contends that Fanning's policy does not provide coverage for six reasons: (1) plaintiffs are not alleging a "bodily injury" caused by an "occurrence"; (2) plaintiffs' injuries were not caused directly by Fanning; (3) Kruchten's conduct falls within the intentional acts exclusion; (4) Kruchten's conduct falls within an exclusion for personal injuries that the insured caused knowingly; (5) Kruchten's conduct falls within the "occupation" exclusion; and (6) Kruchten's conduct falls within the exclusion for sexual abuse and molestation.

The court need not consider contentions (1) through (4) or (6) because Fanning concedes that the occupation exclusion applies. Dkt. 242, at 5. Plaintiffs object, contending that the exclusion does not apply because Fanning was not being paid extra for his time as a chaperone, so a jury could find that he was acting as a volunteer.

Now that Fanning has been dismissed and will not have to pay a judgment, plaintiffs do not have a dog in this fight. They have no legal interest in which person or entity pays Fanning's legal bills. Regardless, the court agrees with Auto-Owners and Fanning that the exclusion applies.

The occupation exclusion applies to an injury "in connection with any . . . occupation." Regardless of whether Fanning was paid more than his ordinary salary for being a chaperone, it is undisputed that he was acting in his capacity as an employee of the district, and that he would not have been a chaperone but for his job as a teacher. Plaintiffs do not cite any evidence that Fanning could have acted as a chaperone if he were not a district employee. So the claims against Fanning are based on conduct "in connection" with his job.

The cases plaintiffs cite—all from other states—are not instructive. None of the policies at issue used the broad "in connection" language in Auto-Owners' policy, and all of the cases involved employees who were not on the job at the relevant time. *American Reliable Insurance Company v. Lockard*, No. CV 17–04–M, 2018 WL 264962, at *4–5 (D. Mont. Jan. 2, 2018); *Allstate Ins. Co. v. Zellars*, 462 S.W.2d 550, 553 (Tex. 1970); *Taylor v. State Farm Mut. Auto. Ins. Co.*, 171 So.2d 816, 819 (La. Ct. App. 1965). In this case, Fanning was acting as a chaperone for the district for the duration of each trip.

The court concludes that the occupation exclusion applies, so Auto-Owners does not have a duty to defend Fanning.

ORDER

IT IS ORDERED that:

1. Community Insurance Corporation's motion for summary judgment, Dkt. 244, is GRANTED in part and DENIED in part. It is declared that Community Insurance does not have a duty to defend or indemnify David Kruchten, and it does not have a duty to defend Joe Balles. The motion is otherwise denied.

2. Auto-Owners Insurance Corporation's motion for summary judgment, Dkt. 150, is GRANTED in part and DENIED in part. It is declared that Auto-Owners does not

have a duty to defend Joe Fanning. The motion is denied as moot regarding Auto-Owners' duty to indemnify Fanning.

3.   Community Insurance and Auto-Owners are DISMISSED.

Entered June 25, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge